UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT LINZY BELLON,<br><br>Plaintiffs,<br>v.<br><br>DWAYNE DEAL, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-00294-MMD-WGC<br><br>ORDER |

Plaintiff Robert Linzy Bellon, an incarcerated person in the custody of the Nevada Department of Corrections, submitted a first amended civil rights complaint ("FAC") under 42 U.S.C. § 1983. (ECF No. 5.) On March 4, 2019, this Court dismissed the FAC without leave to amend. (ECF No. 8 at 9.) The Court found that Plaintiff failed to raise any colorable due process, equal protection, and Eighth Amendment claims based on the miscalculation of his parole eligibility date. (*Id.* at 4–7.) The Court also found that Plaintiff's argument to have the Court recalculate his parole eligibility date by recalculating/applying Plaintiff's time-served in the county jail fell within the scope of habeas corpus because such a recalculation would change Plaintiff's sentence start date and duration of Plaintiff's sentence. (*Id.* at 7–8.) The Court directed Plaintiff to review NRS § 34.724 which directed a prisoner to file a state petition for writ of habeas corpus to challenge improper computations of time served pursuant to a judgment of conviction. (*Id.* at 8.) The Court dismissed the FAC without leave to amend and found that an appeal under 28 U.S.C. § 1915(a)(3) would not be taken in good faith. (*Id.* at 9.) On January 7, 2020, Plaintiff filed a motion for relief under Federal Rule of Civil Procedure ("FRCP") 60(b)(1), (2), and (3). (ECF No. 10.)

A party can seek reconsideration under FRCP 60(b). Fed. R. Civ. P. 60(b). Under

FRCP 60(b), the Court may relieve a party from a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) misrepresentation. *Id.* "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

In the motion for reconsideration, Plaintiff argues that this Court made a mistake, misrepresented his arguments, and he has newly discovered evidence. (ECF No. 10 at 3.) Mainly, Plaintiff argues that his new evidence involves Judge Robert C. Jones's order which is allegedly contrary to this Court's order. (*Id.*) Plaintiff asserts that he filed a federal habeas corpus claim with Judge Jones, but Judge Jones held that his claim was not cognizable in a federal habeas corpus action. (*Id.*) Plaintiff asserts that the Court misinterpreted his arguments because he was seeking a parole hearing, not parole, and continues to challenge the miscalculation of credits under the Nevada Revised Statutes. (*Id.* at 3–5.)

On February 28, 2019, Plaintiff initiated a petition for writ of habeas corpus under 28 U.S.C. § 2241. (*See Bellon v. Williams*, 3:19-cv-00118-RCJ-WGC, ECF No. 1.) On December 20, 2019, Judge Jones dismissed the petition. (ECF No. 20 at 1.) Judge Jones found that the claim that the respondents' failure to give Plaintiff credit toward the 20-year parole eligibility period for time-served on another conviction was not cognizable in federal habeas corpus because the claim would only result in an earlier parole board consideration and not provide Plaintiff with an immediate or speedier release from custody. (*Id.* at 2-3.) Alternatively, Judge Jones found that Plaintiff's petition did not make a colorable claim for a federal constitutional violation because Plaintiff did not have a liberty interest under NRS § 213.12135 in being considered for parole on a schedule that Plaintiff

suggested. (*Id.* at 3.) Judge Jones's order also referenced the Nevada Supreme Court's ruling denying Plaintiff's state habeas petition on the same claim. (*Id.*).

This Court now denies Plaintiff's motion for reconsideration under FRCP 60(b). First, Plaintiff makes the same arguments in his motion for reconsideration as he did in his FAC. Second, the Court did not commit clear error in its original screening order and Judge Jones's order supports that. The original screening order addressed Plaintiff's 42 U.S.C. § 1983 claims—due process, equal protection, and Eighth Amendment—and found that he failed to state colorable claims. (*See* ECF No. 8 at 5–7.) The original screening order also directed Plaintiff to consider filing a state petition for writ of habeas corpus to challenge the improper computations of time served. (*Id.* at 8.) Judge Jones's order demonstrates that the Nevada Supreme Court rejected Plaintiff's interpretation of NRS § 213.12135 in his state habeas petition. (*See* 3:19-cv-00118-RCJ-WGC, ECF No. 20 at 3.) As such, Plaintiff fails to present any arguments that entitle Plaintiff to relief under FRCP 60(b). The Court denies the motion for reconsideration.

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 10) is denied.

DATED THIS 6th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE